UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>      Post-Effective Date Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,<br><br>      Plaintiff,<br><br>v.<br><br>CASLA REALTY LLC,<br><br>      Defendant. | Adv. Pro. 24-04002 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

*A P P E A R A N C E S:*

PIRILLO LAW LLC
*Attorneys for Casa Realty LLC*
1550 Ponce de León Ave.
5th Floor, San Juan, PR 00909
By:   Monica A. Sanchez, Esq.
        Gorman A. Hatcher-Santaella, Esq.

AKIN GUMP STRAUSS HAUER & FELD LLP
*Attorneys for Plaintiff*
One Bryant Park
New York, New York 10036
By:   Mitchell P. Hurley, Esq.
        Dean L. Chapman Jr., Esq.

       and

1

2300 N. Field Street, Suite 1800
Dallas, Texas 75201
By:    Elizabeth D. Scott, Esq.
       Nicholas R. Lombardi, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

On September 9, 2024, defendant Casla Realty LLC ("Casla" or the "Defendant") filed the *Motion to Transfer Venue* (the "Venue Transfer Motion," ECF Doc. # 14), which annexed a *Settlement Agreement and Release* (the "Settlement Agreement," ECF Doc. # 14-10) executed between the Defendant and Home of Alpha, LLC.  The Defendant concurrently filed the *Emergency Motion Requesting Sealing Order* (the "Sealing Motion," ECF Doc. # 15) requesting that the Court enter an order sealing and/or restricting the Venue Transfer Motion and the Settlement Agreement.  The Court denied the sealing motion in an order entered on September 10, 2024 (the "Order Denying Sealing Motion," ECF Doc. # 16.)  The Court ordered that the venue transfer motion proceed in accordance with the normal motion scheduling rules.  (*Id.* at 2.)

Casla has filed a *Motion for Reconsideration* (the "Motion for Reconsideration," ECF Doc. # 19) of this Court's Order Denying Sealing Motion.  Counsel to the Litigation Administrator ("Meghji") filed a response (the "Response," ECF Doc. # 23) asserting that Casla has failed to establish a basis for reconsideration.

For the following reasons, the Motion for Reconsideration is **DENIED.**

## I.    BACKGROUND

The Motion to Seal was largely premised on a confidentiality provision included in the Settlement Agreement between Casla and a third party, Home of Alpha, LLC.  The Settlement Agreement resolved a lawsuit that was pending in a state court in Puerto Rico between Casla and

2

Home of Alpha, LLC. The current lawsuit brought by the Celsius Litigation Administrator against Casla seeks to avoid and recover allegedly fraudulent transfers made by Jason Stone, a former Celsius employee and the sole member of Home of Alpha, LLC, to Casla. Casla moved to transfer this case to Puerto Rico (*see* Venue Transfer Motion), concurrently filed a copy of the Home of Alpha-Casla Settlement Agreement and moved to seal the agreement. The Court denied the sealing motion on the grounds that Casla did not meet its burden to support sealing under section 107(b) of the Bankruptcy Code. (*See* Order Denying Sealing Motion at 2 ("The Sealing Motion does not . . . contain a single citation or legal argument that supports the entry of such an order[.]").)

Casla tries to make up for its earlier deficiencies in its present Motion for Reconsideration. It argues that, since it never filed its Settlement Agreement with the Puerto Rico state court presiding over the action between Casla and the third party with which it settled, the Settlement Agreement never became part of the judicial record, and therefore the public has no right of access in it, and the confidentiality clause controls. (Motion for Reconsideration at 8–9.) Casla also notes that it "needed to produce the confidential settlement agreement to this Court" to enable the Court to decide on its Venue Transfer Motion. (*Id.* at 9–11.)

Celsius's response emphasizes that motions for reconsideration are rarely granted and should not be used for "taking a second bite at the apple." (Response at 1.) Celsius highlights that Casla has argued that the Settlement Agreement falls under one of the prongs of section 107(b), and instead relies primarily on the fact that the Settlement Agreement has a confidentiality clause. (*Id.* at 2–3.) Celsius argues that courts in this district have recognized that settlement agreements do not automatically qualify for sealing just because they have confidentiality clauses. (*Id.*) As for Casla's argument that the Settlement Agreement is not a

3

judicial record, Celsius points out that "it was Casla itself that filed the settlement agreement in connection with the Motion to Transfer Venue . . . thereby subjecting it to the presumption of public access and the requirements of section 107 of the Bankruptcy Code." (*Id*. at 2 n.2.) Finally, Celsius argues that, to the extent any of the terms of the Settlement Agreement might qualify as a trade secret or confidential research, development, or commercial information (as specified by section 107(b)), Casla waived any argument along such lines because the Settlement Agreement has been publicly available on the docket for several weeks. (*Id*. at 2–3.)

## II. LEGAL STANDARD

The standard applicable to a motion for reconsideration is identical to that of a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates FRCP 59, which allows a party to move to alter or amend a judgment. *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59. In addition to Bankruptcy Rule 9023, parties can seek relief from a judgment or order under Bankruptcy Rule 9024. Bankruptcy Rule 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b). "[A]ll orders of the bankruptcy court are subject to Rule 60 F.R.Civ.P." FED. R. BANKR. P. 9024 advisory committee note. Furthermore, Local Bankruptcy Rule 9023-1(a) provides that a motion for reconsideration "must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered."

4

FRCP 59(e) does not provide specific grounds for amending or reconsidering a judgment. However, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Flatbush Square Inc.*, 508 B.R. 563, 569 (Bankr. E.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

FRCP 60 contains six grounds for which the court may grant relief from an order or judgment. Those grounds are: "(1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is no longer equitable; or (6) any other reason that justifies relief." *In re Residential Cap., LLC*, No. 12-12020 (MG), 2015 WL 1636440, at *4 (Bankr. S.D.N.Y. Apr. 10, 2015) (internal quotation marks omitted) (citing FED. R. CIV. P. 60(b)). "The moving party bears a heavy burden because Rule 60 provides extraordinary relief and is, therefore, generally viewed with disfavor." *In re Barquet Grp., Inc.*, 477 B.R. 454, 460 (Bankr. S.D.N.Y.), *aff'd*, 486 B.R. 68 (S.D.N.Y. 2012) (citing *Bowman v. Jack Bond (In re Bowman)*, 253 B.R. 233, 240 (8th Cir. BAP 2000)).

The bankruptcy court has broad discretion to grant relief under subpart (6) "when appropriate to accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (citations and quotation marks omitted). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted). As with FRCP 59(e), a change of controlling law, new evidence, and a need to correct a clear error and manifest injustice are also grounds to order relief under Rule 60(b)(6). *Marrero Pichardo*, 374 F.3d at 56 (citing *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255). The party seeking relief under

5

Rule 60(b) bears the burden of proof. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391.

### III.   DISCUSSION

Casla has ignored the law governing both sealing motions and motions for reconsideration. Accordingly, the Motion for Reconsideration is **DENIED**.

#### A.   The Motion for Reconsideration Lacks Merit

Casla has failed to show how its sealing motion merits reconsideration. First, its brief is facially deficient: it has not discussed the standard for moving for reconsideration, let alone "set forth concisely the matters or controlling decisions which counsel believes the Court has not considered" as required by Local Rule 9023-1(a). It points to no intervening change of controlling law, mistake, newly discovered evidence, clear error, manifest injustice, or any other basis for relief under either Rules 59 or 60, and there is no indication in either the record or caselaw that any grounds for reconsidering the Order Denying Sealing Motion exists. Moreover, relief under Rule 60(b)(6) is "extraordinary"; the Court should not *sua sponte* grant it when Casla has not borne its own burden of proof.

#### B.   Casla's Argument for Sealing Lacks Merit

The Court need not consider whether Casla's renewed argument for sealing carries water. However, for the sake of completeness, it will. Casla failed to properly argue for sealing under applicable bankruptcy law: it did not brief the issue whether the settlement agreement falls within the scope of section 107(b) of the Code. Casla did not support its request for sealing with any case authority. It does not get a second bite at the apple on a Motion for Reconsideration. This alone is reason to deny the Sealing Motion. The moving party bears the burden of showing that the information is confidential under section 107(b), and Casla has not done so. *See In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007).

Casla instead focuses the bulk of its argument on whether the settlement is a judicial record and hence "subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Casla's analysis is problematic on two levels: (1) it starts in the wrong place, and (2) it is faulty.

Through the codification of section 107, "[i]t is no longer left . . . to the bankruptcy court to balance the interests of the public and private parties in determining whether to seal records from public view." *In re Purdue Pharma L.P.*, 632 B.R. 34, 38 (Bankr. S.D.N.Y. 2021). "Rather, the plain meaning of 11 U.S.C. § 107(a) mandates that **all** papers filed in a bankruptcy case are public records open to examination **unless** the court decides to protect information in them under § 107(b)." *Id*. at 39 (emphasis added). And "[d]ecisions applying the common law to sealing confidential information in only certain types of court records . . . are inapposite." *Id*. The question whether the settlement agreement is a judicial record is not the right place to start—instead, the analysis must begin with section 107(b). As noted above, Casla does not explain why the Settlement Agreement qualifies for sealing under section 107(b). A confidentiality provision included in the Settlement Agreement does not apply in this case and it cannot shield from public scrutiny the facts surrounding the alleged fraudulent transfers.

Casla argues that the Settlement Agreement is *not* a judicial record because it was not filed with the court in Puerto Rico. Casla misses the point: it turned the Settlement Agreement into a judicial record *in this action* by submitting it with its motion for transfer of venue for the Court's consideration. The Second Circuit explained in *Brown v. Maxwell* that a document is a "judicial record" if it is "relevant to the performance of the judicial function," i.e., "if it would reasonably have the tendency to influence a district court's ruling on a motion." 929 F.3d 41, 49 (2d Cir. 2019) (internal citations omitted). Casla admits in its Motion that it submitted the

7

Settlement Agreement *for the purpose of influencing the Court's decision* on one of its other motions made in this matter. Clearly, in the context of this case, which asserts that the transfers from Stone to Casla were avoidable transfers, the public has an interest in the disclosure of the Settlement Agreement between Casla and the single-member LLC which Stone controls.

Casla argues that the Court should respect the confidentiality clause in its Settlement Agreement with a third party because it does not seek approval of the Settlement Agreement from this Court, and therefore the broader rule that settlements are "private arrangements between the parties" in which the court "plays no role whatever" should govern (i.e., the confidentiality clause should prevail). *See In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012) (internal citation omitted) (distinguishing cases in which the court is asked to approve a settlement). Casla has waived this argument by not raising it in its Sealing Motion. It cannot use the vehicle of a motion for reconsideration to "tak[e] a second bite at the apple." *Matter-of-Kossoff PLLC*, No. 21-10699 (DSJ), 2023 WL 3404907, at *2 (Bankr. S.D.N.Y. May 11, 2023) (internal citation omitted). More importantly, Casla misses the point that bankruptcy law provides several bases for avoiding fraudulent transfers; private party settlement agreements cannot shield avoidable transfers. Of course, whether the Plan Administrator can prevail on its claims depends on future proceedings in this case, but all parties-in-interest in the Celsius cases, as well as the public at large, are entitled to know whether the facts and the law support the ultimate result in this case.

*[Remainder of page left blank]*

## IV. CONCLUSION

For the foregoing reasons, the Motion for Reconsideration is **DENIED**.[1]

**IT IS SO ORDERED.**

Dated:  October 17, 2024
        New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge

---

[1] Any further motion seeking the same or similar relief will result in the imposition of sanctions.

9